UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| NICOLE JANOVEC,<br><br>           Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC,<br><br>           Defendant. | Case No.:<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL**<br><br>  1.  **FCRA, 15 USC §1681** *et seq.* |

Plaintiff Nicole Janovec ("Plaintiff"), through her attorneys, alleges the following against Defendants Experian Information Solutions Inc. ("Experian") and Defendant Equifax Information Services, LLC ("Equifax"):

## INTRODUCTION

This is a one-count complaint based on violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681e(b), which requires credit reporting agencies to assure maximum possible accuracy of the information they report.

## JURISDICTION AND VENUE

1.    The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681.

1

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

3. Defendant transacts business here; as such, personal jurisdiction is established.

## PARTIES

4. Plaintiff Nicole Janovec is a natural person residing in the city of Oak Grove in Anoka County, Minnesota.

5. Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. §1681a(c).

6. Defendant Experian is a *credit reporting agency*, as defined in 15 U.S.C. § 1681a(f)). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer report*s, as defined in 15 USC 1681a(d), to third parties. Experian's principal place of business is located at 475 Anton Boulevard, Costa Mesa, California 92626.

7. Equifax is a *consumer reporting agency*, as defined in 15 U.S.C. § 1681a(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers in the form of *consumer reports*, as defined in 15 U.S.C. § 1681a(d)), to third parties. Equifax's principal place of business is located at 1550 Peachtree Street NW, Atlanta, GA 30309. Equifax can be served through their registered agent, Corporation Service Company, located at 40 Technology Parkway South #300, Norcross, Georgia, 30092.

8. Upon information and belief Experian and Equifax disburse consumer reports to third parties under contract for monetary compensation.

9. At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. On or February 25, 2020, Plaintiff filed for a voluntary bankruptcy under Chapter 7 of Title 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Northern District of Minnesota (Minneapolis), case number no. 20-40521.

11. Plaintiff was discharged from her Chapter 7 bankruptcy on or about May 19, 2020.

12. Plaintiff was eager to begin working on improving her credit following her bankruptcy and obtaining her "fresh start".

13. To make sure the post-bankruptcy reporting on her credit reports were accurate, Plaintiff obtained copies of her Experian, Equifax, and non-party Trans Union credit reports.

14. Plaintiff discovered that Experian was reporting her Wells Fargo Bank N.A. Account number 66366**** (the "Wells Fargo Account"), opened in July 2014, as still "Open" with an owed Balance of $1,131, a Past Due balance of $72, and a scheduled Monthly Payment of $42, despite the account having been included in bankruptcy and discharged on May 19, 2020.

15. Experian did not report that the Wells Fargo Account had been discharged in bankruptcy despite reporting the bankruptcy filing in the public records section and reporting other unsecured pre-bankruptcy derogatory accounts as "discharged through bankruptcy".

16. Plaintiff discovered that Equifax was also reporting the Wells Fargo Account with an owed balance of $1,131, a Past Due balance of $72, and a Scheduled Payment Amount of $42.

17. Equifax also reported the Wells Fargo Account Status as "60-89 Days Past Due", and the Account the Account History with Status Codes as "1", despite the account having been included in bankruptcy and discharged on May 19, 2020.

18. Upon information and belief, the Account History with Status Codes "1" means thirty days late.

19. Plaintiff also discovered that Equifax was reporting her Spire Credit Union Account number 49911**** (the "Spire Account"), with a Status of "Charge Off" and a Charge Off Amount of $579.

20. Equifax also report the Spire Account the Account History with Status Codes as "L" from July 2016 through October 2018, despite the account having been included in bankruptcy and discharged on May 19, 2020.

21. Upon information and belief, the Account History with Status Codes "L" means charged off to profit and loss.

22. Equifax did not report the Spire Account as closed or that it had been discharged in bankruptcy despite reporting the bankruptcy filing in the public records section and reporting other unsecured pre-bankruptcy derogatory accounts as "discharged through bankruptcy".

23. The status of Charge Off in the credit reporting industry means that a debt may be owed.

24.     Non-party Trans Union correctly reported both the Wells Fargo Account and Spire Account as discharged in bankruptcy.

25.     Upon information and belief, Defendants proactively sought out and paid for Plaintiff's Public Record bankruptcy information in order to post it to her credit report. The CRA's have been conducting such inquiries via third party vendors for many years and search daily for all U.S. consumer bankruptcy filings with the purpose of reporting them to consumers' credit reports.

26.     Defendants do not maintain reasonable procedures to ensure that pre-bankruptcy, derogatory debts definitively report that the debt was either paid or discharged in bankruptcy and do not continue to report derogatory payment history after the bankruptcy was filed.

27.     Defendants received notice that such accounts should report as discharged in bankruptcy because Defendants were reporting the bankruptcy as filed after the accounts were opened and then discharged.

28.     Further, Defendants have been sued many times for similar conduct and is aware that when it receives notice of a Chapter 7 bankruptcy discharge that all pre-bankruptcy installment loans or revolving accounts are automatically assumed to have been discharged through the consumer's bankruptcy; known as the "default rule".

29.     Defendants also received notice of their inadequate post-bankruptcy reporting procedures through the thousands of lawsuits and FTC and Consumer Financial Protection Bureau complaints filed against them for their inaccurate reporting following a Chapter 7 discharge.

30. Upon information and belief, Defendants had notice of the furnishers' unreliable procedures to properly update the reporting of pre-Chapter 7 debt upon discharge of a bankruptcy.

31. Defendants are reporting that Plaintiff may owe debt that she does not actually owe, thereby damaging her credit scores.

32. As a result of Defendants' conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, anguish, and emotional and mental pain.

33. Defendants' reporting is particularly aggravating of Plaintiff's damages because Experian's inaccurate reporting damages Plaintiff's credit, which she is attempting to rebuild after bankruptcy.

34. The inaccurate reporting by Defendants' caused Plaintiff stress and anxiety about her credit reputation and a belief that she may still owe the debt.

35. Upon information and belief, Plaintiff was denied approval for a credit card due to Defendants' inaccurate reporting.

36. Upon information and belief, Plaintiff applied for and was approved for a credit card at less favorable terms due to Defendants' inaccurate reporting.

## COUNT I
### Violations of the FCRA, 15 U.S.C. § 1681e(b)

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible

accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

39. Defendants violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff.

40. As a result of the above-described violations of § 1681e(b), Plaintiff has sustained damages including the loss of credit opportunities, emotional distress, humiliation, and mental anguish.

41. The violations by the credit reporting agencies were willful, rendering the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the credit reporting agencies were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

42. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from each in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Nicole Janovec respectfully requests judgment be entered against Defendants for the following:

    A. Declaratory judgment that Defendant violated the FCRA;

    B. Actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

    C. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

D. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 17th day of September, 2020.

*s/Christopher Dunn*
Christopher Dunn
Bar Number: 0400686
Hoglund, Chwialkowski & Mrozik, PLLC
1781 Country Road B West
Roseville, MN 55113
Telephone: (651) 628-9929
Email: chip.dunn@hoglundlaw.com

*s/Jenna Dakroub*
Jenna Dakroub
Bar Number: 0401650
Price Law Group, APC
8245 N. 85th Way
Scottsdale, AZ 85258
Telephone: (818) 600-5513
Email: jenna@pricelawgroup.com

*Attorneys for Plaintiff Nicole Janovec*

8